IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Patricia A. Evans, | ) |
|                 Plaintiff, | ) C/A No.: 3:11-cv-826-JFA-WBT-JMC |
| vs. | ) **ORDER DISMISSING CASE** |
| City of Columbia, | ) **AS MOOT** |
|                 Defendant. | ) |

This matter is before the court pursuant to this court's Order of October 19th, 2011, in which the court expressed its concern that the present action may now be moot. Pursuant to that Order, the parties submitted briefs on the issue of whether the present action presents this court with a justiciable case or controversy. After consultation, the court has determined that a hearing would not aid in the decisional process. The court has considered the written materials submitted, and for the reasons set forth below, the court hereby dismisses the case without prejudice.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the advisory, non-binding elections that the City of Columbia ("City") used to help formulate City ordinances regarding zoning restrictions in Columbia neighborhoods. Plaintiff filed the present action seeking to enjoin such an election and require the City of Columbia to obtain preclearance under Section 5 of the Voting Rights Act before conducting such elections.

1

In an effort to aid the City in an upcoming zoning decision, the City planned to conduct a neighborhood vote concerning proposed zoning classifications on April 11, 2011. The City first considered this voting process—the neighborhood vote—in October 2009. In February 2010, pursuant to the direction of City Council, City staff prepared a memorandum that outlined the process entitled Policy Procedures and Voting Process for Historic Designation. (Def.'s Mot. Summ. J. Ex. B, ECF No. 43-2.) The City Council approved the voting process on March 17, 2010. Staff often communicated the results of these neighborhood polls to City Council.

The City of Columbia created and distributed ballots pursuant to this policy in the Hollywood Rose Hill neighborhood to conduct a neighborhood poll in preparation for the April 2011 zoning decision. The day before the scheduled election, Plaintiff filed this action and moved for a temporary restraining order to enjoin the election and require the City of Columbia to obtain preclearance under Section 5 of the Voting Rights Act. *See* 42 U.S.C. § 1973c(a) (2006). At the hearing on the temporary restraining order, the City agreed to postpone the vote. The City subsequently called off that election, and Council voted to discontinue using the neighborhood poll voting process in question. (Def.'s Mot. Summ. J. Ex. O, ECF No. 43-15.) The vote never took place, and the City has not conducted any neighborhood votes since voting to discontinue the process.[1]

---

[1] While the neighborhood vote never took place, the City did amend the zoning map, and the Hollywood Rose Hill neighborhood is now subject to the new zoning restriction, the "-CC1" zoning overlay. The zoning map amendment was initiated and brought before the Planning Commission as prescribed by the City's Zoning Ordinance. Columbia, S.C., Code of Ordinances §§ 17-131 to -140 (1998). After a public hearing, the City Council adopted

2

Despite these developments, the court did not receive a motion to dismiss the case as moot. The case proceeded and the parties asked the court to resolve several discovery disputes. Plaintiff now asks this court to maintain jurisdiction and issue a declaratory judgment that the advisory elections are subject to the preclearance requirements of the Voting Rights Act. As a result, the court decided to raise the issue of mootness and entered an order directing the parties to brief the issue.[2] *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (noting that a court may raise the issue of whether it is presented with a live case or controversy *sua sponte*).

## II.   LEGAL STANDARD

"Federal courts have no power to hear moot cases." *Brooks v. Vassar*, 462 F.3d 341, 348 (2006). This general rule mandates that "when the circumstances change from the time the suit is filed" such that there is "no effective relief to offer, the controversy is no longer live and must be dismissed as moot." *Friedman's*, 290 F.3d at 197 (quoting *Cnty. Motors v. Gen. Motors Corp.*, 278 F.3d 40, 43 (1st Cir. 2002)) (internal quotation marks omitted). For example, when the claimant receives the relief she sought to obtain through the claim, the case is moot. *Id.* Similarly, in the context of declaratory judgments, an actual controversy must exist and federal courts "do not render advisory opinions." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *United Pub. Workers of Am. (C.I.O) v. Mitchell*, 330 U.S. 75, 89 (1947)).

---

the -CC1 measure for the Hollywood Rose Hill neighborhood. The occurrence or nonoccurrence of the neighborhood vote did not affect this process.

[2] As the court was preparing its order, the defendant also raised the same issue in its motion for summary judgment, filed on October 17, 2011. (Def.'s Mot. Summ. J. 16–19, ECF No. 43.)

Voluntary cessation of the activity in question will typically not moot a case or controversy. *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. 1*, 551 U.S. 701, 719 (2007). In such a case, the defendant bears the "heavy burden" of demonstrating that "'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, (2000)). Similarly, "mere amendment or repeal of a challenged ordinance does not automatically moot a challenge to that ordinance." *Am. Legion Post 7 v. City of Durham*, 239 F.3d 601, 606 (4th Cir. 2001).

On the other hand, "[w]hen a legislature amends or repeals a statute, a case challenging the prior law can become moot 'even where re-enactment of the statute at issue is within the power of the legislature.'" *Brooks*, 462 F.3d at 348 (quoting *Am. Legion Post 7*, 239 F.3d at 606). In such a case, the court should hold that the case is not moot "[o]nly if reenactment is not merely possible but appears probable." *Id.* (citing *Am. Legion Post 7*, 239 F.3d at 606). For example, the Fourth Circuit has held that a case was moot where there was "no reasonable expectation" that a city would reenact a disputed ordinance. *Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002); *see also Chapin Furniture Outlet Inc. v. Town of Chapin*, 252 F. App'x 566, 567 (4th Cir. 2007) (per curiam) (finding a challenge to a town ordinance moot where the town assured the court that it would not reenact the ordinance). In these cases, the "practical likelihood of reenactment" forms the key inquiry. *Am. Legion Post 7*, 239 F.3d at 606.

### III. DISCUSSION

The court finds that the City's actions have rendered this case moot. As an initial matter, the court finds that this case falls within the category of cases that "can become moot 'even where re-enactment of the statute at issue is within the power of the legislature.'" *Brooks*, 462 F.3d at 348 (quoting *Am. Legion Post 7*, 239 F.3d at 606). In this case, the vote to discontinue using staff to conduct the neighborhood polls was the equivalent of a statutory change. Though an ordinance existed that governed the procedures for zoning amendments, the voting process in question was neither a requirement of nor part of the ordinance. By vote, the city Council requested its staff to draw up a policy, and after the initiation of the present action, Council voted to discontinue using City staff to conduct the voting polls at issue. The Council thus repealed the voting procedures using the same procedures it used to adopt them. As a result, Council's vote to discontinue the voting procedures at issue is a formal rejection of the practice.

The City Council's vote to discontinue the practice qualifies as a formal rejection of the practice, and therefore, the "heavy burden" on defendants in voluntary cessation situations does not apply. *See Parents Involved*, 551 U.S. at 719. Accordingly, the line of cases regarding the repeal or amendment of a statute controls, and the case is moot unless "reenactment is not merely possible but appears probable." *See Brooks*, 462 F.3d at 348. In this case, the City's actions do not demonstrate a practical likelihood of reenactment. The City has moved on and now conducts its zoning process without the neighborhood voting process. The City, through its counsel, informs the court that the

City will not reenact the challenged voting procedures upon dismissal of the case on mootness grounds. (Def.'s Mem. Resp. Ct.'s Req. 2 n.1, ECF No. 47.) Moreover, zoning decisions are the type of legislative decisions routinely made by Council at regularly conducted meetings. Often, these zoning decisions can be made after receiving input from the citizenry at publicly announced hearings. In other words, City growth can be regulated in the future through normal zoning decisions made through the Council without the necessity of conducting the advisory elections that were challenged in this case.

### IV.   CONCLUSION

For the reasons outlined above, the court finds that reenactment of the contested voting procedures is not probable and that the case is moot. Accordingly, the case is dismissed without prejudice as moot.

IT IS SO ORDERED.                           FOR THE THREE-JUDGE PANEL:

                                            *Joseph F. Anderson, Jr.*

December 13, 2011                           Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge